WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>Plaintiff,<br><br>v.<br><br>Dreamworks Animation SKG, Inc., et al.,<br><br>Defendants. | No. CV-17-00381-PHX-ESW<br><br>**ORDER** |

The Court has reviewed Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) that were filed on February 7, 2017. For good cause shown, the Application (Doc. 2) is granted and Plaintiff is allowed to proceed *in forma pauperis*. The Court, however, must screen the Complaint (Doc. 1) before it is allowed to be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). For the reasons discussed herein, the Court will dismiss the Complaint (Doc. 1) with prejudice.[1] The Court will deny as moot Plaintiff's (i) Motion to Allow Electronic Filing By a Party Appearing without an Attorney (Doc. 5); (ii) Motion to Serve Summons (Doc. 6); and (iii) "Motion to add additional points listed

---

[1] Plaintiff has consented to the exercise of Magistrate Judge jurisdiction. (Doc. 8).

in this motion to original pleadings to save costs" (Doc. 7).[2]

Plaintiff has filed numerous complaints in this Court. Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Federal Rule of Civil Procedure 41(b) provides that "any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

Plaintiff's Complaint (Doc. 1) names twenty-seven Defendants, including a number of film studios and professional sports organizations. The following eight Defendants were also named as Defendants in the Complaint that Plaintiff filed on February 12, 2016 in Case No. CV-16-00405-PHX-DJH: (i) Dreamworks Animation SKG, Inc.; (ii) Arc Entertainment, LLC; (iii) Sony Pictures Releasing, Inc.; (iv) Entertainment One Ltd.; (v) Kandor Graphics S.L.; (vi) Aliwood Mediterráneo Producciones S.L.; (vii) Paramount Pictures Corporation; and (viii) 20th Century Fox.

The Complaints filed in this action and Case No. CV-16-00405-PHX-DJH contain the same nine claims for relief: (i) conspiracy to violate Plaintiff's civil rights; (ii) intentional infliction of emotional distress; (iii) negligent infliction of emotional distress; (iv) "appropriation of name and likeness to violator's benefit"; (v) fraud; (vi) "publicity given to private life"; (vii) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (viii) "wire & telecommunications fraud"; and (ix) slander and libel. (Doc. 1 at 71-78).[3] The alleged facts underlying the claims in both cases are substantially the same.

---

[2] Although Plaintiff's "Motion to add additional points listed in this motion to original pleadings to save costs" (Doc. 7) is denied, the Court has considered the additional allegations raised therein in determining whether this action is frivolous.

[3] *See also* the Complaint filed in Case No. CV-16-00405-PHX-DJH, Doc. 1 at 36-42.

Plaintiff contends that Defendants have engaged in an "aggressive plight to racketeer plaintiff . . . ." (Doc. 1 at 13, ¶ 33).[4] Plaintiff alleges that certain Defendants have invaded his privacy and misappropriated his likeness and life events in various movies. For example, Plaintiff asserts that the film *Brokeback Mountain* "was made in attribution to Dreamworks Animations racketeering scheme based on many different aspects in a film which spawned from the fact that plaintiff has not been to the dentist since the September 11th terror attacks . . . ." (Doc. 1 at 58, ¶ 150).[5] Plaintiff also states that in April 2012, he found a Labrador puppy that he named "Dory after the character Dory from *Finding Nemo*, nearly a year later Walt Disney Pictures announced that the sequel to *Finding Nemo* would be released in 2015 and would be titled *Finding Dory*." (*Id.* at 44-45).

In addition, Plaintiff, who has red hair, asserts that Defendants have intentionally created works that negatively or falsely portray individuals with red hair. (*See, e.g.*, *id.* at 19, 34). Plaintiff also alleges that certain Defendants have produced works to slander Plaintiff or otherwise cause him harm. For instance, Plaintiff states that:

> The production and release of the Dreamworks Animation film *Trolls* was intended to bring negative attention and treatment to plaintiff, who between 2012-2013 took to youtube to lashing out at stereotypes related to plaintiff's deprivation from obese people, to people with brown hair, to fans of the entertainment industry, most specifically Dreamworks Animation. A terminology that those against plaintiff would call Trolling which is indeed the inspiration for the Dreamworks Animation film *Trolls*.

(*Id.* at 21-22).

After finding the Complaint in Case No. CV-16-00405-PHX-DJH frivolous, the Court dismissed it without leave to amend. (Case No. CV-16-00405-PHX-DJH, Doc. 7).

---

[4] *See also* the Complaint filed in Case No. CV-16-00405-PHX-DJH, Doc. 1 at 7, ¶ 14.

[5] *See also* the Complaint filed in Case No. CV-16-00405-PHX-DJH, Doc. 1 at 26, ¶ 77.

The Court finds that the Complaint (Doc. 1) in this action is barred under the principle of res judicata as to (i) Dreamworks Animation SKG, Inc.; (ii) Arc Entertainment, LLC; (iii) Sony Pictures Releasing, Inc.; (iv) Entertainment One Ltd.; (v) Kandor Graphics S.L.; (vi) Aliwood Mediterráneo Producciones S.L.; (vii) Paramount Pictures Corporation; and (viii) 20th Century Fox. As to all Defendants in this case, the Court further finds that the claims are based on "inarguable legal conclusion[s]" and "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because the claims against Defendants lack an arguable basis in law and fact, the Court finds that the Complaint is frivolous. *Id.* (a complaint is frivolous if it "lacks an arguable basis either in law or in fact"). The Court further finds that granting leave to amend would be a futile act. The Court therefore will dismiss the Complaint (Doc. 1) with prejudice. *See* 28 U.S.C. § 1915(e)(2) (district court shall dismiss *in forma pauperis* case if the Court determines that the action is frivolous or malicious)

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's: (i) Motion to Allow Electronic Filing By a Party Appearing without an Attorney (Doc. 5); (ii) Motion to Serve Summons (Doc. 6); and (iii) Plaintiff's "Motion to add additional points listed in this motion to original pleadings to save costs" (Doc. 7).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 8th day of June, 2017.

_____
Eileen S. Willett
United States Magistrate Judge